Filed April 25, 1889.

---

No. 13,720.

GOLDMAN ET AL. *v.* BIDDLE ET AL.

CONTRACT.—*Partnership.*—*Agreement by Third Person to Pay Creditors.—Complaint.*—A complaint by partnership creditors against the members of the firm and G., wherein it is alleged that G., for the purpose of aiding the partners to defraud their creditors, took possession of the partnership property, and in consideration thereof agreed to pay all the creditors of the firm a certain per cent. of their claims, but has failed to pay the plaintiffs any part of the sum due them, wherefore a money judgment is demanded, states a good cause of action against G. for the amount which he agreed to pay.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellants.

*B. F. Ibach,* for appellees.

OLDS, J.—This action was brought by Henry C. Biddle, Thomas F. Tierney, Earl Atkinson and Robert McComb, plaintiffs, against Harvey H. Miller, Lovina J. Redinger and Louis J. Goldman.

It is an action upon an account and proceedings in attachment, and other creditors were made parties, and personal judgments were rendered in favor of the different creditors. The defendant Goldman filed separate demurrers to the sev-

eral complaints, which were overruled, and exceptions re-
served. The only error assigned and argued is by appellant
Goldman, who assigns as error the overruling of his demur-
rers to the several complaints.

The complaints are all substantially alike. In the case
of Biddle and others the complaint alleges that in the year
1884 the defendants Miller and Redinger were doing busi-
ness under the name of Miller & Redinger, and while so in
business became indebted to the plaintiffs in the sum of
$552.39 for goods sold and delivered by plaintiffs to them at
their instance and request, a bill of particulars of which is
filed with the complaint, marked exhibit "A," all of which
sum is due and unpaid. That in August, 1884, Goldman,
for the purpose of aiding, abetting and assisting Miller &
Redinger to cheat, hinder, delay and defraud their creditors,
took possession of the stock of goods and property belonging
to said Miller & Redinger, agreeing with said Miller &
Redinger to pay twenty-five per cent. of the amount due
each and all of their creditors, he, the said Goldman, at the
time well knowing that the said Miller & Redinger were in-
debted to the plaintiffs in the sum aforesaid, and he, the said
Goldman, then and there agreeing to pay the said plaintiffs
the sum of $128.09, in consideration of said Miller & Red-
inger turning over to him said stock of goods and property,
which was then and there of the value of $800; and said
Goldman took possession of said stock of goods and prop-
erty, and claims to own all of the same, and has not paid
any part of said amount due the plaintiffs as aforesaid. Prayer
for a money judgment.

The complaint alleges a contract by which Goldman, for
a valuable consideration received from Miller & Redinger,
agreed to pay the plaintiffs twenty-five per cent. of the amount
Miller & Redinger were owing to the plaintiffs, and a failure
to pay the same, and that it was due.

It states a good cause of action. Indeed, it is not con-
tended but that the complaint is good upon that theory, but it

is claimed by counsel for appellant Goldman that it is a complaint to set aside a fraudulent sale of personal property, and that, if good at all, it must be good upon the theory on which it is pleaded.

Counsel are in error in placing such a construction upon the complaint. It alleges an agreement on the part of Goldman to pay to the plaintiffs a specific amount in consideration for Miller & Redinger turning over to him the goods, and the prayer is for a money judgment. It is evident the case was tried upon that theory, as the judgment is for the amount it is alleged Goldman agreed to pay. The same question is presented by the ruling on the demurrers to each complaint.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

